393 So.2d 542 (1980)
Eddie Samuel IVORY, Charles Johnson, Edmond Duhart, Ben Chaney, Blair Smith, George Heller, Robert J. Butler, and James Rutledge, Appellants,
v.
Louie L. WAINWRIGHT, Secretary, Department of Corrections, Fla., Paul Mercheck, Director, Florida Parole and Probation Commission, Appellees.
No. 57251.
Supreme Court of Florida.
October 30, 1980.
Rehearing Denied February 20, 1981.
*543 Ben R. Patterson and Jerry G. Traynham of Patterson & Traynham, Tallahassee, for appellants.
Jim Smith, Atty. Gen., and Lucy H. Harris, Asst. Atty. Gen., Tallahassee, for appellees.
ENGLAND, Justice.
This cause is before this Court on direct appeal from a final judgment of the circuit court upholding as facially valid section 944.485, Florida Statutes (Supp. 1978), which requires, as a condition of parole eligibility, that prisoners disclose their assets and income, and that they be assessed the cost of their subsistence in prison. The payment of subsistence costs is subject to the prisoner's ability to pay, and certain specified exemptions.[*]
*544 Appellants raise several alleged constitutional infirmities in the subject statute, including abridgment of their right of disclosural privacy based on a decision of the First District Court of Appeal in Byron, Harless, Schaffer, Reid and Associates, Inc. v. State ex rel. Shellenberg, 360 So.2d 83 (Fla. 1st DCA 1978), violation of the prohibition on ex post facto laws, deprivation of property without procedural due process, denial of the privilege against self-incrimination, and the unlawful delegation of legislative authority.
The issue of disclosural privacy is foreclosed by our recent decision in Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla. 1980), quashing the lower court's decision on which appellants rely. Similarly, the other alleged infirmities raised by appellants are devoid of merit and do not warrant extended discussion. Appellants' ex post facto argument presumes that section 944.485 operates to increase "punishment" for prisoners whose crimes were committed prior to its effective date. This presumption, however, is mistaken, as the purpose of the statute is not punitive. Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960); Zarsky v. State, 300 So.2d 261 (Fla. 1974). Appellants' procedural due process arguments presume a deprivation of liberty or property, but parole is neither. Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); Moore v. Florida Parole and Probation Commission, 289 So.2d 719 (Fla. 1974), cert. denied, 417 U.S. 935, 94 S.Ct. 2649, 41 L.Ed.2d 239 (1974).
Appellants' assertion that the financial disclosure requirement violates their privilege against self-incrimination is raised prematurely. The claim of privilege must ordinarily be made at the time that disclosures are sought, see Communist Party of the United States v. Subversive Activities Control Board, 367 U.S. 1, 105-10, 81 S.Ct. 1357, 1415-17, 6 L.Ed.2d 625 (1961), and it can appropriately be raised by individual inmates on their disclosure forms, see Garner v. United States, 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976).
Finally, appellants' unlawful delegation argument is simply not persuasive. In enacting section 944.485, the legislature has prescribed sufficient standards and guidelines to comply with article II, section 3, of the Florida Constitution. Reynolds v. State, 383 So.2d 228 (Fla. 1980); Florida State Board of Architecture v. Wasserman, 377 So.2d 653 (Fla. 1979).
The trial court's order upholding section 944.485 in the face of appellants' constitutional challenges is affirmed.
It is so ordered.
SUNDBERG, C.J., and ALDERMAN and McDONALD, JJ., concur.
ADKINS and OVERTON, JJ., concur in the result only.
BOYD, J., dissents with an opinion.
BOYD, Justice, dissenting.
I would agree with the majority opinion holding the cost assessment law constitutional if it were limited in application to prisoners sentenced for offenses committed after its effective date and if it required assessments to be imposed in court at the time of sentencing. By virtue of its retroactive effect and its procedural scheme, however, the statute as written is an unconstitutional ex post facto law and allows for the deprivation of liberty and property without due process of law.
With regard to many prisoners, the statute allows for the imposition of monetary burdens in excess of the possible punishments *545 prescribed at the time of the offense. A law violates the ban on ex post facto legislation if it makes criminal an act after it has been committed or if it retroactively increases the possible punishment for crime. State v. Gale Distributors, Inc., 349 So.2d 150 (Fla. 1977); Higginbotham v. State, 88 Fla. 26, 101 So. 233 (1924).
The majority opinion disposes of the ex post facto argument by summarily concluding that the increased burdens imposed by the statute do not constitute punishment, but are merely conditions imposed incident to the granting of the privilege of parole. It is common knowledge that prison sentences are authorized and imposed in contemplation of the availability of parole. Many are the concerned citizens who have inquired into the basis for a seemingly Draconian prison sentence, only to be told, "Understand this: the prisoner will be eligible for parole in X years." Parole has become such a fact of life in our criminal justice system that to condition or withhold eligibility for it is to increase the burdens imposed as punishment for crime.
Even with regard to prisoners convicted of and sentenced for offenses committed after the statute's effective date, if the cost assessment is not imposed by the court at the time of sentencing, but subsequently by prison authorities as provided by the statute, then it constitutes a deprivation of liberty or property without due process of law. The majority disposes of this problem by concluding that there is no right, in the nature of a liberty or property right, to parole. But when a prisoner is sentenced for a crime, whether it be after a trial or pursuant to a plea, the prisoner should be able to know the extent of his punishment and also be eligible for parole on an equal footing with other prisoners similarly sentenced. This statute allows administrative officials to impose additional burdens as a condition of parole eligibility. The prisoner is faced with a deprivation either of property or liberty, without due process of law.
I respectfully dissent.
NOTES
[*] Section 944.485, Florida Statutes (Supp. 1978) provides:

(1) In recognition of the fact that many prisoners in the correctional system have sources of income and assets outside of the correctional system, which may include bank accounts, inheritances, real estate, social security payments, veteran's payments, and other types of financial resources, and in recognition of the fact that the daily subsistence cost of incarcerating prisoners in the correctional system is a great burden on taxpayers of the state, each prisoner in the state correctional system, except those who have entered into an agreement under s. 947.135 prior to October 1, 1978:
(a) Shall disclose all revenue or assets as a condition of parole eligibility.
(b) Shall pay from such income and assets, except where such income is exempt by state or federal law, all or a fair portion of the prisoner's daily subsistence costs, based upon the inmate's ability to pay, the liability or potential liability of the inmate to the victim or the guardian or the estate of the victim, and the needs of his dependents.
(2) Any prisoner who is directed to pay all or a fair portion of daily subsistence costs is entitled to reasonable advance notice of the assessment and shall be afforded an opportunity to present reasons for opposition to the assessment.
(3) The department shall promulgate, within 90 days of October 1, 1978, rules which implement this section.
For the rules of the Department of Corrections regarding the financial disclosure of inmates pursuant to section 944.485, see Florida Administrative Code rule 33-17.