487 So.2d 77 (1986)
Darryl Pierce BURROW, Appellant,
v.
STATE of Florida, Appellee.
No. 85-940.
District Court of Appeal of Florida, Second District.
April 16, 1986.
*78 James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
In this Anders[1] appeal we find no reversible error and therefore affirm appellant's judgments and sentences. Nevertheless, we do find error in the assessment of costs entered against appellant in his judgments.
In each judgment appellant was ordered to pay $10 pursuant to section 960.20, Florida Statutes (1983) (Crimes Compensation Trust Fund) and $2 pursuant to section 943.25(4), Florida Statutes (1983) (Law Enforcement Training and Correctional Officer Training Trust Funds). Of course, these costs may properly be taxed against an indigent defendant, as appellant is, upon due notice and hearing. Jenkins v. State, 444 So.2d 947 (Fla. 1984). However, in this case, appellant was given no opportunity to be heard and object to the assessment of these costs. Consequently, we strike that part of each judgment assessing payment of these costs and remand for a hearing in accordance with the requirements of Jenkins if costs are to be reassessed. The judgments and sentences are, in all other respects, affirmed.
GRIMES, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).