489 So.2d 131 (1986)
Joseph YOST, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1258.
District Court of Appeal of Florida, Fifth District.
May 22, 1986.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Defendant appeals from that part of his sentence which imposes $200 as court costs in each of two cases for which he was sentenced. We agree that these costs were improperly assessed and reverse that portion of the order which imposed those costs.
Section 27.3455, Florida Statutes became effective July 1, 1985. It provides, in pertinent part, for the imposition of court costs of $200, in addition to other fines and costs, when any person is convicted of a felony under the laws of this state. It further provides that no gain time shall accrue on a *132 sentence until all fees and court costs are paid, except that
the court shall sentence those persons whom it determines to be indigent to a term of community service in lieu of the costs prescribed in this section, and such indigent persons shall be eligible to accrue gain-time and shall serve the term of community service at the termination of incarceration.
Although appellant was sentenced after the effective date of the statute, the crimes for which he was being punished were committed prior to its effective date. Appellant contends that imposing this penalty upon him violates the ex post facto restrictions of both the United States and the Florida Constitutions.[1] He argues that his penalty has been increased by the provision in the statute which eliminates the accrual of gain-time while the costs remain unpaid, or alternatively, which requires that the court sentence him to a term of community service after he serves his prison term if he is indigent.
The ex post facto prohibition of the United States Constitution forbids the states to enact any law which imposes a punishment for an act which was not punishable at the time it was committed, or imposes additional punishment to that then prescribed. Cummings v. Missouri, 4 Wall. 277, 325-326, 18 L.Ed. 356 (1867). Two critical elements must be present for a penal law to be ex post facto: it must apply to events occurring before its enactment (retrospective), and it must disadvantage the offender affected by it. Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). Thus, even if a statute merely alters penal provisions accorded by grace of the legislature, such as gain-time, it violates the ex post facto clause if it is both retrospective and more onerous than the law in effect on the date of the offense. Weaver, 101 S.Ct. at 965. As applied to crimes which were committed prior to its effective date, the statute in question here clearly violates these constitutional provisions because it does not permit gain-time to accrue while the costs remain unpaid, or as to indigent defendants, it requires the court to impose a sentence of community service after incarceration. Thus the statute after July 1, 1985 imposes a burden and an additional penalty upon a defendant which did not exist prior to its enactment.
The State argues that the statute is merely procedural because it merely provides a method of collecting court costs, which were imposed upon convicted defendants prior to the enactment of this statute, relying on Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), and State v. Jackson, 478 So.2d 1054 (Fla. 1985). In Dobbert, the Florida death penalty was upheld against an ex post facto attack because the penalty itself existed before the statute was amended, and the only change in the statute was the procedure by which it was imposed. That is not the case here, where an additional penalty is imposed by the new statute against defendants who do not or cannot pay these costs.
Because of the public importance of the issue here, we certify to the Supreme Court of Florida the following question:
DOES THE APPLICATION OF SECTION 27.3455, FLORIDA STATUTES (1985) TO CRIMES COMMITTED PRIOR TO THE EFFECTIVE DATE OF THE STATUTE VIOLATE THE EX POST FACTO PROVISIONS OF THE CONSTITUTIONS OF THE UNITED STATES AND OF THE STATE OF FLORIDA, OR DOES THE STATUTE MERELY EFFECT A PROCEDURAL CHANGE AS IS PERMITTED UNDER STATE v. JACKSON, 478 So.2d 1054 (Fla. 1985)?
That portion of the judgment imposing court costs of $200 in each case is reversed, and the cause is remanded to the trial court for further proceedings consistent herewith.
REVERSED and REMANDED. QUESTION CERTIFIED.
COBB, C.J., and COWART, J., concur.
NOTES
[1] U.S. Constitution, Art. I, § 9. Cl. 3; Art. I, § 10. Cl. 1. Florida Constitution, Art. I, § 10.