491 So.2d 594 (1986)
Robert Lee McDOWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1507.
District Court of Appeal of Florida, Fifth District.
July 17, 1986.
*595 James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
UPCHURCH, Chief Judge.
Robert McDowell appeals from his conviction and sentence. We affirm the conviction, but reverse the sentence in part.
The first question presented is whether the trial court properly imposed court costs on an indigent defendant. McDowell contends that assessment of costs was improper because: l) costs cannot be assessed absent a finding the defendant has the ability to pay, Jenkins v. State, 444 So.2d 947 (Fla. 1984); Snow v. State, 448 So.2d 1246 (Fla. 5th DCA 1984); and 2) the assessment of costs under section 27.3455, Florida Statutes (1985) constitutes a violation of the ex post facto doctrine. McDowell also contends that if section 27.3455 applies, he is eligible for community service in lieu of the fine. The state responds that the order can be assessed against an indigent defendant but the order cannot be enforced unless there is a finding of indigency when probation commences and jurisdiction is retained by the court. The state also contends that the ex post facto doctrine does not apply since section 27.3455 does not punish for a specific crime but amends the costs of the legal process to comport with legislative evaluations.
This court has recently addressed whether application of section 27.3455 to crimes committed before its effective date violates the ex post facto doctrine and concluded that there was a violation. Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986). In Yost we certified this question[1] to the Florida Supreme Court. We again certify that question.
The next question presented is whether the trial court provided valid reasons to support a departure sentence. One of the reasons given by the trial court for departure was: "The defendant has previously been engaged in criminal acts and is in need of long term supervision." We agree that the reason given was invalid under Hendrix v. State, 475 So.2d 1218 (Fla. 1985), however, the sentence of four and one-half year term of imprisonment and fifteen years of probation does not qualify as a departure sentence under Florida Rule of Criminal Procedure 3.701(d)(12) since the "split sentence" did not exceed that authorized by general law. Bell v. State, 479 So.2d 309 (Fla. 5th DCA 1985); O'Brien v. State, 478 So.2d 497 (Fla. 5th DCA 1985); Joyce v. State, 466 So.2d 433 (Fla. 5th DCA 1985). Florida Rule of Criminal Procedure 3.701(d)(12) provides that "[t]he total sentence cannot exceed the total guideline sentence unless a written reason is given." Here the correct guideline sentence range was three and one-half to four and one-half years and the sentence imposed was four and one-half years plus fifteen years probation.
The 1983 committee notes to rule 3.701(d)(12) provide that if a split sentence *596 is imposed the total sanction (incarceration and probation) shall not exceed the term provided by general law. Since the primary offense was a first degree felony punishable by a maximum of thirty years imprisonment and a $10,000 fine, the split sentence was within the statutory maximum. See §§ 775.082 and 775.083, Fla. Stat. (1985). Therefore, the trial court was not required to give written reasons for departure.
The judgment for costs is reversed and we remand for entry of an order of probation.[2] In all other respects, the judgment is affirmed.
AFFIRMED in part; REVERSED and REMANDED in part.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] The question certified by this court to the supreme court was:

Does the application of section 27.3455, Florida Statutes (1985) to crimes committed prior to the effective date of the statute violate the ex post facto provisions of the constitutions of the United States and of the state of Florida, or does the statute merely effect a procedural change as is permitted under State v. Jackson, 478 So.2d 1054 (Fla. 1985)?
[2] No order of probation was filed.