491 So.2d 349 (1986)
Joseph SIGNORELLI, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2614.
District Court of Appeal of Florida, Fourth District.
July 23, 1986.
Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Eddie J. Bell, Asst. Atty. Gen., West Palm Beach, for appellee.
*350 PER CURIAM.
We affirm appellant's probation revocation on the ground of his battery upon the assistant director of the community control program in which appellant had been placed. Appellant spat in the assistant director's face when he learned of his having violated the terms of appellant's community control. The basis for that violation, and the additional ground upon which the revocation was based, involved a remark made by appellant to two boys. We view the remark as an inadequate basis for revocation. What is not questionable, however, based upon the "three chances" given appellant  to which reference was made in the trial court  is that the result would have been the same were only the battery involved. The trial court's frustration with appellant was obvious, and appears to have been based on previous experiences with appellant.
With respect to the assessment of costs and denial of gain time, we reverse, because of non-compliance with Jenkins v. State, 444 So.2d 947 (Fla. 1984), and because these penalties were based upon section 27.3455(1), Florida Statutes (1985), enacted after the offenses were committed by appellant. We agree with Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986), that to apply that statute in such case would constitute a violation of the ex post facto clause. We certify to the Supreme Court of Florida as being of great public importance the same question posed in Yost:
Does the application of Section 27.3455, Florida Statutes (1985), to crimes committed prior to the effective date of the statute violate the ex post facto provisions of the constitutions of the United States and of the State of Florida, or does the statute merely effect a procedural change as is permitted under State v. Jackson, 478 So.2d 1054 (Fla. 1985)?
GLICKSTEIN, WALDEN and STONE, JJ., concur.