493 So.2d 9 (1986)
Morris Seller FREENEY, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1531.
District Court of Appeal of Florida, Fifth District.
July 10, 1986.
On Motion for Rehearing August 28, 1986.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
*10 Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a judgment of conviction and sentence for manslaughter and battery. Two points were raised on appeal. We find merit only in the contention that the trial court erred in imposing a three year minimum mandatory sentence under section 775.087(2), Florida Statutes (1983) because appellant possessed a firearm during the commission of the offense.
The statute lists "any murder" but does not include manslaughter. Since manslaughter is not specifically included in the enumerated offenses under section 775.087(2), the minimum mandatory provision may not be applied. Strahorn v. State, 436 So.2d 447 (Fla. 2d DCA 1983); Akins v. State, 366 So.2d 1262 (Fla. 4th DCA 1979); Jones v. State, 356 So.2d 4 (Fla. 4th DCA 1977); Rozier v. State, 353 So.2d 193 (Fla. 3d DCA 1977); Biles v. State, 349 So.2d 662 (Fla. 4th DCA 1977). Therefore, we vacate the sentence and remand to the trial court for entry of a sentence which omits the three year mandatory sentence.
It is also noted sua sponte that the trial court improperly imposed a $200 cost pursuant to section 27.3455, Florida Statutes (1985). This court has recently held that this cost may not be imposed against a defendant whose crime was committed prior to July 1, 1985. Robinson v. State, 488 So.2d 925 (Fla. 5th DCA 1986); Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986). Accordingly, this cost must be reversed.
SENTENCE VACATED and REMANDED.
COBB and SHARP, JJ., concur.

ON MOTION FOR REHEARING
DAUKSCH, Judge.
We certify to the supreme court the following question to be of great public importance:
DOES THE APPLICATION OF SECTION 27.3455, FLORIDA STATUTES (1985) TO CRIMES COMMITTED PRIOR TO THE EFFECTIVE DATE OF THE STATUTE VIOLATE THE EX POST FACTO PROVISIONS OF THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF FLORIDA, OR DOES THE STATUTE MERELY EFFECT A PROCEDURAL CHANGE AS IS PERMITTED UNDER STATE V. JACKSON, 478 So.2d 1054 (FLA. 1985)?
COBB and SHARP, JJ., concur.