497 So.2d 931 (1986)
George Lawson IVIE, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2302.
District Court of Appeal of Florida, Second District.
October 10, 1986.
*932 PER CURIAM.
George Ivie appeals the summary denial of his motion for post-conviction relief. First, Ivie attacks the voluntariness of his plea of guilty to armed robbery. Having examined the transcript of the plea colloquy, which the trial court attached to its order denying Ivie's motion, we hold that Ivie was adequately apprised of the consequences of his plea and affirm the ruling of the trial court with respect to that issue.
We do find merit in Ivie's second point. He questions the imposition of court costs pursuant to section 27.3455, Florida Statutes (1985) because the offense for which he was sentenced occurred prior to the effective date of that statute. According to the factual basis for the plea, as entered into the plea colloquy, Ivie committed the robbery in February, 1985, whereas section 27.3455 did not become effective until July 1, 1985. In Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986), the Fifth District Court of Appeal held that retroactive application of section 27.3455 violates constitutional ex post facto restrictions. This court recently followed Yost in Bowman v. State, 495 So.2d 868 (Fla. 2d DCA 1986). Further, we have stated that Florida Rule of Criminal Procedure 3.850 is an appropriate vehicle for objecting to an ex post facto application of section 27.3455. Johnson v. State, 495 So.2d 188 (Fla. 2d DCA 1986).
Accordingly, we remand this case to the trial court with directions to strike the imposition of court costs from Ivie's judgment and sentence. As we did in Bowman v. State, we certify to the Florida Supreme Court the following question of great public importance:
DOES THE APPLICATION OF SECTION 27.3455, FLORIDA STATUTES (1985) TO CRIMES COMMITTED PRIOR TO THE EFFECTIVE DATE OF THE STATUTE VIOLATE THE EX POST FACTO PROVISIONS OF THE CONSTITUTIONS OF THE UNITED STATES AND OF THE STATE OF FLORIDA, OR DOES THE STATUTE MERELY EFFECT A PROCEDURAL CHANGE AS IS PERMITTED UNDER STATE V. JACKSON, 478 So.2d 1054 (FLA. 1985)?
Affirmed in part, reversed in part.
SCHEB, A.C.J., and SCHOONOVER and HALL, JJ., concur.