ORFINGER, Judge.
We reverse the order denying appellant’s motion to vacate an illegal sentence, (Fla.R.Crim.P. 3.800(a)), and vacate that portion of appellant’s sentence which imposed $200 in court costs because the imposition of these costs for a crime committed prior to the effective date of section 27.-3455(1), Florida Statutes (1985), the statute which authorizes these costs, violates constitutional ex post facto restrictions. See Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986).
The State’s argument that this issue has not been preserved for appellate review because no objection was made at the time of sentencing is without merit, because, even if objection is necessary to preserve the issue for direct appeal of the sentence on the theory that the trial court must first be given the opportunity to rule on the question, that requirement was satisfied here when appellant filed a motion with the trial court to correct the illegal sentence and had his motion denied. Cf. Ivie v. State, 497 So.2d 931 (Fla. 2d DCA 1986) (a motion under Florida Rule of Criminal Procedure 3.850 is an appropriate vehicle for objecting to an ex post facto application of section 27.3455).
As we did in Yost, we certify to the Supreme Court of Florida the following question of great public importance:
DOES THE APPLICATION OF SECTION 27.3455, FLORIDA STATUTES (1985) TO CRIMES COMMITTED PRIOR TO THE EFFECTIVE DATE OF THE STATUTE VIOLATE THE EX POST FACTO PROVISIONS OF THE CONSTITUTIONS OF THE UNITED STATES AND OF THE STATE OF FLORIDA, OR DOES THE STATUTE MERELY EFFECT A PROCEDURAL CHANGE AS IS PERMITTED UNDER STATE v. JACKSON, 478 So.2d 1054 (Fla.1985)?
REVERSED and REMANDED.
COBB and SHARP, JJ., concur.