PER CURIAM.
Defendant appeals from the imposition of costs as a condition of probation following her conviction for issuing worthless checks.
Defendant first contends, and the state concedes, that the imposition of costs pursuant to sections 943.25(4), 943.25(8) and 960.20, Florida Statutes (1985), was erroneous because the requisites of notice and opportunity to be heard had not been complied with. We agree and reverse and remand for that compliance. See Jenkins v. State, 444 So.2d 947 (Fla.1984).
Defendant next contends that there was an ex post facto application of section 27.345, Florida Statutes (1985), as to the imposition of $200 court costs. We agree and reverse. Bowman v. State, 495 So.2d 868 (Fla. 2d DCA 1986); Ivie v. State, 497 So.2d 931 (Fla. 2d DCA 1986); Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986). We incorporate by reference and certify to *1310 the Florida Supreme Court the question certified in Yost.
We need not address defendant’s third contention which concerns whether section 27.3455 was properly followed.
Reversed and remanded for proceedings consistent herewith.
DANAHY, C.J., and LEHAN and FRANK, JJ., concur.