PER CURIAM.
We find no merit in defendant’s contention that he was entitled to discharge under *999 the speedy trial rule, Fla.R.Crim.P. 3.191(a), so his conviction is affirmed. That portion of the sentence imposing community service in lieu of $200 court costs on the indigent defendant is reversed because the crime for which he was convicted was committed prior to the effective date of section 27.3455, Florida Statutes (1985). See Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986). We again certify to the Supreme Court of Florida the following question of great public importance.
DOES THE APPLICATION OF SECTION 27.3455, FLORIDA STATUTES (1985) TO CRIMES COMMITTED PRIOR TO THE EFFECTIVE DATE OF THE STATUTE VIOLATE THE EX POST FACTO PROVISIONS OF THE CONSTITUTIONS OF THE UNITED STATES AND OF THE STATE OF FLORIDA, OR DOES THE STATUTE MERELY EFFECT A PROCEDURAL CHANGE AS IS PERMITTED UNDER STATE v. JACKSON, 478 So.2d 1054 (Fla.1985)?
AFFIRMED in part; REVERSED in part, QUESTION CERTIFIED.
DAUKSCH, ORFINGER and SHARP, JJ., concur.