CAMPBELL, Judge.
Appellant, Gary Lee Baker, appeals that part of the trial court’s order that required him to pay $220 in court costs pursuant to section 27.3455, Florida Statutes (1985). While appellant raises three issues on appeal, we need discuss only one, as it is dispositive.
Appellant argues that the order requiring him to pay costs violated the constitutional prohibition against ex post facto laws (U.S. Const, art. I, § 9; Fla. Const, art. I, § 10), since it imposed a penalty that was not in effect at the time that appellant committed the offense. See Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986). Appellant’s crime occurred on June 25, 1985, and the section under which appellant was ordered to pay costs (section 27.3455, Florida Statutes (1985)) became effective on July 1, 1985.
We agree with Yost in concluding that the imposition of costs here pursuant to section 27.3455 violated the constitutional prohibition against ex post facto laws and is, as such, invalid. See Bowman v. State, 495 So.2d 868 (Fla. 2d DCA 1986). We, therefore, reverse that portion of the trial court’s order that requires appellant to pay costs and certify the following question to the supreme court as a question of great public importance:
DOES THE APPLICATION OF SECTION 27.3455, FLORIDA STATUTES (1985) TO CRIMES COMMITTED PRIOR TO THE EFFECTIVE DATE OF THE STATUTE VIOLATE THE EX POST FACTO PROVISIONS OF THE UNITED STATES AND OF THE STATE OF FLORIDA, OR DOES THE STATUTE MERELY EFFECT A PROCEDURAL CHANGE AS IS PERMITTED UNDER STATE V. JACKSON, 478 SO.2D 1054 (FLA.1985)?
SANDERLIN, J., concurs.
RYDER, A.C.J., specially concurring.