500 So.2d 721 (1987)
Eric C. PARKER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 85-2463, 85-2464.
District Court of Appeal of Florida, Second District.
January 7, 1987.
*722 James Marion Moorman, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda R. James, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant appeals from his sentence and assessment of costs against him resulting from his plea of nolo contendere and adjudication of guilt for murder in the first degree, robbery with a deadly weapon, conspiracy to commit murder in the first degree, and conspiracy to commit robbery with a deadly weapon.
Appellant raises a number of challenges to the imposition of costs. He first argues that the trial court erred in imposing costs pursuant to sections 943.25(4), 943.25(8) and 960.20, Florida Statutes (1985), without prior notice and opportunity to be heard. We agree and reverse. See Jenkins v. State, 444 So.2d 947 (Fla. 1984); Adams v. State, 497 So.2d 1309 (Fla. 2d DCA 1986).
Appellant also attacks the imposition of costs under section 27.3455, Florida Statutes (1985), on the theory that the statute violates ex post facto restrictions of the United States and Florida Constitutions as applied to him because the crimes to which he pled no contest occurred prior to the effective date of the statute. See Bowman v. State, 495 So.2d 868 (Fla. 2d DCA 1986); Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986). However, appellant did not raise this challenge at trial, and we decline to rule on the issue at this time. Johnson v. State, 495 So.2d 188 (Fla. 2d DCA 1986). Nevertheless, our holding is without prejudice to appellant to seek relief in the trial court pursuant to Florida Rule of Criminal Procedure 3.850.
We need not discuss appellant's final points.
We affirm appellant's conviction and the sentences imposed. We vacate the costs imposed pursuant to sections 943.25(4), 943.25(8) and 960.20, Florida Statutes (1985).
CAMPBELL and SCHOONOVER, JJ., concur.