503 So.2d 1316 (1987)
Michael DILLA, Appellant,
v.
STATE of Florida, Appellee.
No. 86-190.
District Court of Appeal of Florida, Second District.
March 4, 1987.
*1317 James Marion Moorman, Public Defender and A.N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
On June 27, 1985, Michael Dilla was charged with kidnapping in violation of section 787.01, Florida Statutes (1985), and extortion in violation of section 836.05, Florida Statutes (1985). On November 20, 1985, Dilla pled no contest to the extortion charge and the state nolle prossed the kidnapping charge. Dilla was adjudicated guilty and, without a determination of indigency, ordered to pay court costs, including: $20.00 pursuant to section 960.20, Florida Statutes (1985); $2.00 pursuant to section 943.25(8), Florida Statutes (1985); and $200.00 pursuant to section 27.3455, Florida Statutes (1985). Dilla was sentenced to two and one-half years in state prison and prohibited gain time until the $200.00 had been fully paid.
Dilla raises three points on appeal: trial court erred in imposing court costs pursuant to section 27.3455 for an offense committed before the effective date of the statute; trial court erred in assessing $200.00 costs against appellant pursuant to section 27.3455 without first determining appellant had the present ability to pay; and trial court erred in assessing court costs against appellant without prior notice. We will deal with each in point of order.
Dilla's first point on appeal, the trial court erred in imposing court costs pursuant to section 27.3455, has merit. Dilla committed the extortion offense on June 27, 1985. Section 27.3455 took effect on July 1, 1985. As applied to crimes that were committed prior to the effective date of section 27.3455, the statute in question clearly violates the ex post facto prohibitions of the United States and Florida Constitutions. Bowman v. State, 495 So.2d 868 (Fla. 2d DCA 1986); Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986). See also Stone v. State, 500 So.2d 572 (Fla. 2d DCA 1986). In striking the $200.00 costs, we follow the Bowman decision and certify the following question to the Florida Supreme Court as being of great public importance:
DOES THE APPLICATION OF SECTION 27.3455, FLORIDA STATUTES (1985), TO CRIMES COMMITTED PRIOR TO THE EFFECTIVE DATE OF THE STATUTE VIOLATE THE EX POST FACTO PROVISIONS OF THE CONSTITUTIONS OF THE UNITED STATES AND OF THE STATE OF FLORIDA, OR DOES THE STATUTE MERELY EFFECT A PROCEDURAL CHANGE AS IS PERMITTED UNDER STATE V. JACKSON, 478 So.2d 1054 (FLA. 1985)?
Dilla's second point on appeal, the trial court erred in assessing $200.00 court costs without first determining Dilla had the present ability to pay, has merit. Section 27.3455 provides in pertinent part:
When any person pleads guilty or nolo contendere to, or is found guilty of, any felony, misdemeanor, or criminal traffic offense under the laws of this state or the violation of any municipal or county ordinance which adopts by reference any misdemeanor under state law, there shall be imposed as a cost in the case, in addition to any other cost required to be imposed by law, a sum in accordance with the following schedule:

 (a) Felonies .................. $200.00
 (b) Misdemeanors .............. $ 50.00
 (c) Criminal traffic offenses . $ 50.00

*1318 All applicable fees and court costs shall be paid in full prior to the granting of any gain-time accrued. However, the court shall sentence those persons whom it determines to be indigent to a term of community service in lieu of the costs prescribed in this section; and such indigent person shall serve the term of community service at the termination of incarceration. Each hour of community service shall be credited against the additional cost imposed by the court at a rate equivalent to the minimum wage.
Section 27.3455 clearly indicates that indigency is to be determined at the time of sentencing and those persons found to be indigent must be ordered to serve a term of community service in lieu of the imposition of additional court costs. Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986). As was stated in Lawton:
To find, as the State would have us do, that this statute proposes payment of costs in the future and there is no requirement to determine indigency at the time of sentencing, would be contrary to the plain language of the statute, the holding in the recent case of Noland v. State, [489 So.2d 873], and the concept of judicial economy.
The trial court erred in failing to determine Dilla's solvency at sentencing. Consequently, we must strike the trial court's assessment costs pursuant to sections 27.3455.
Dilla's third point on appeal, trial court erred in assessing court costs against him without prior notice, also has merit. Costs may properly be taxed against an indigent defendant upon due notice and hearing. Burrow v. State, 487 So.2d 77 (Fla. 2d DCA 1986); Lawton at 406; Jenkins v. State, 444 So.2d 947 (Fla. 1984). However, in this case, Dilla was given no opportunity to be heard and to object to the assessment of these costs. Consequently, we strike that part of the judgment assessing payment of costs.
In sum, we reverse the order imposing $200.00 costs pursuant to section 27.3455. Section 27.3455 may not be applied retroactively. We also reverse the orders assessing $20.00 pursuant to section 960.20 and $2.00 pursuant to section 943.25(8) without prejudice to the state to seek imposition of those costs after appropriate notice and hearing as provided in Jenkins.
Affirmed in part; reversed in part.
CAMPBELL and LEHAN, JJ., concur.
RYDER, A.C.J., concurs specially with opinion.
RYDER, Acting Chief Judge, concurring specially.
I concur with the result of this panel, but incorporate by reference my specially concurring opinion in Stone v. State, 500 So.2d 572 (Fla. 2d DCA 1986) as to the ex post facto argument concerning section 27.3455, Florida Statutes (1985).