UPCHURCH, Chief Judge.
Raymond Williams appeals a judgment adjudicating him guilty of the unlawful sale or delivery of cannabis, an offense which he committed in February 1985. Williams argues that the trial court erred *8 in imposing a $200 fine pursuant to section 27.3455, Florida Statutes (1985). We agree.
In Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986), we held that a court cannot impose costs under section 27.3455 for crimes committed prior to July 1, 1985. We certify to the supreme court the same question we certified in Yost:
DOES THE APPLICATION OF SECTION 27.3455, FLORIDA STATUTES (1985) TO CRIMES COMMITTED PRIOR TO THE EFFECTIVE DATE OF THE STATUTE VIOLATE THE EX POST FACTO PROVISIONS OF THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF FLORIDA, OR DOES THE STATUTE MERELY EFFECT A PROCEDURAL CHANGE AS IS PERMITTED UNDER STATE V. JACKSON, 478 So.2d 1054 (FLA.1985)?
See also Freeney v. State, 493 So.2d 9 (Fla. 5th DCA 1986); Robinson v. State, 488 So.2d 925 (Fla. 5th DCA 1986). Since Williams committed his offense in February 1985, we reverse that portion of the judgment imposing court costs.
AFFIRMED in part; REVERSED in part.
DAUKSCH and COBB, JJ., concur.