507 So.2d 1099 (1987)
STATE of Florida, Petitioner,
v.
Joseph YOST, Respondent.
STATE of Florida, Petitioner,
v.
Morris FREENEY, Respondent.
STATE of Florida, Petitioner,
v.
Thomas MILLER, Respondent.
STATE of Florida, Petitioner,
v.
Bernard MOSELEY, Respondent.
Nos. 68949, 69347, 69348, and 69144.
Supreme Court of Florida.
May 7, 1987.
Rehearing Denied June 25, 1987.
*1100 Robert A. Butterworth, Atty. Gen.; and Belle B. Turner, W. Brian Bayly, Asst. Atty. Gen., Daytona Beach; and Steven T. Scott, Asst. Atty. Gen., Miami, for petitioner.
Michael E. Allen, Public Defender, Second Judicial Circuit, and David A. Davis, Asst. Public Defender, Tallahassee; and James B. Gibson, Public Defender, Seventh Judicial Circuit, and Brynn Newton, Asst. Public Defender, Daytona Beach, for Joseph A. Yost.
James B. Gibson, Public Defender, Seventh Judicial Circuit, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for Morris Freeney and Thomas Miller.
Bennett H. Brummer, Public Defender, Eleventh Judicial Circuit, and N. Joseph Durant, Jr., Asst. Public Defender, Miami, for Bernard Moseley.
SHAW, Justice.
We review four consolidated cases in order to answer a certified question of great public importance.[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Chapter 85-213, section 2, Laws of Florida, created section 27.3455, Florida Statutes (1985), setting forth provisions for additional court costs. Section 27.3455(1) sets forth a schedule of costs for felonies, misdemeanors, and criminal traffic offenses. The enforcement or penalty provisions state that
[a]ll applicable fees and court costs shall be paid in full prior to the granting of any gain-time accrued. However, the court shall sentence those persons whom it determines to be indigent to a term of community service in lieu of the costs prescribed in this section, and such indigent persons shall be eligible to accrue gain-time and shall serve the term of community service at the termination of incarceration. Each hour of community service shall be credited against the additional cost imposed by the court at a rate equivalent to the minimum wage. The governing body of a county shall supervise the community service program. The court shall retain jurisdiction for the purpose of determining, upon motion, whether a person is indigent for the purpose of this section. In the event that the emergency release provisions of s. 944.598 are initiated, any inmate who would have otherwise been eligible for release under s. 944.598 shall not be denied release solely as a result of this section.
The parties agree that these penalties for non-payment were retroactively applied in trials for crimes committed by respondents prior to the enactment of the statute. In all cases the district court held that retroactive application of the penalties was a violation of the ex post facto clause in that the penalties rendered the law more onerous than the law in effect on the date of the offense. Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). We agree. By denying the accrual of gain time to prisoners who have not paid the fees and court costs and by imposing a period of community service on indigents *1101 unable to pay the fees and court costs, the penalties clearly disadvantage prisoners whose crimes were committed prior to the effective date of the statute. We hold that these penalty provisions of the statute violate the ex post facto clause of both the United States and Florida Constitutions.
Our holding above is narrower than the certified question. The statute has since been amended by chapter 86-154, section 1, Laws of Florida, to delete the penalty provisions for failure to pay the fees and costs. Presumably, in the event of non-payment, the fees and court costs may be reduced to a civil judgment. Respondent concedes that the statute, as amended, does not violate the ex post facto clause. We rephrase the certified question as follows and answer in the affirmative.
Does application of the penalty provisions of section 27.3455, Florida Statutes (1985), to crimes committed prior to the effective date of the statute violate the ex post facto provisions of the Constitutions of the United States and Florida?
Petitioner state advises us that there are thirty or more cases from the district courts involving the same point of law. To the extent these cases are controlled by the ruling herein, we invite the state to voluntarily dismiss any petitions for discretionary review.
As modified herein, we approve the decisions below and remand for further proceedings consistent with this opinion.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, BARKETT and KOGAN, JJ., concur.
NOTES
[1] The four consolidated cases are Freeney v. State, 493 So.2d 9 (Fla. 5th DCA 1986); Miller v. State, 492 So.2d 1191 (Fla. 5th DCA 1986); Moseley v. State, 491 So.2d 336 (Fla. 3d DCA 1986); Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986). The certified question is:

DOES THE APPLICATION OF SECTION 27.3455, FLORIDA STATUTES (1985) TO CRIMES COMMITTED PRIOR TO THE EFFECTIVE DATE OF THE STATUTE VIOLATE THE EX POST FACTO PROVISIONS OF THE CONSTITUTIONS OF THE UNITED STATES AND OF THE STATE OF FLORIDA, OR DOES THE STATUTE MERELY EFFECT A PROCEDURAL CHANGE AS IS PERMITTED UNDER STATE v. JACKSON, 478 So.2d 1054 (Fla. 1985)?
Yost, 489 So.2d at 132.