RYDER, Acting Chief Judge.
Appellant appeals his conviction and sentence for aggravated assault with a firearm. He raises two points. First, he argues that his conviction should be overturned because repeated instances of alleged prosecutorial misconduct violated his right to a fair trial. After carefully considering the briefs of the parties, the record *387 on appeal and the applicable case law, we find this point to be without merit. Accordingly, we affirm appellant’s conviction.
Appellant’s second point on appeal challenges the trial court’s imposition of costs pursuant to section 27.3455, Florida Statutes (1985). The offense occurred on August 25, 1985. The statute in effect at the time of the offense required that if a defendant is found to be indigent at the time of sentencing, the trial court should order him to perform community service in lieu of costs. § 27.3455(1), Fla.Stat. (1985).[1] Frazier v. State, 503 So.2d 1378, 1379 (Fla. 2d DCA 1987); Dilla v. State, 503 So.2d 1316, 1318 (Fla. 2d DCA 1987).[2]
The judgment in this case imposed costs of $489.00 “to included [sic] costs in accordance with Ch. 27.3455 F.S.” and then stated “DEFENDANT DECLARED INDIGENT FOR GAIN TIME PURPOSES.” The very same day, appellant was declared indigent for purposes of appeal. We reverse the imposition of costs pursuant to section 27.-3455, Florida Statutes (1985). We remand with instructions that appellant be declared indigent for purposes of costs under section 27.3455. The judgment should be corrected accordingly. Appellant need not be present for these corrections.
Affirmed in part; reversed in part and remanded with instructions.
SCHOONOVER and LEHAN, JJ., concur.

. We note that section 27.3455 was amended by the legislature effective October 1, 1986, deleting the provisions relating to the determination of indigency. Ch. 86-154, § 1, Laws of Fla. The first district has applied this amendment to cases in which the crimes were committed before the effective date of the amendment. Jones v. State, 507 So.2d 763, 764 (Fla. 1st DCA 1987); Comer v. State, 502 So.2d 513 (Fla. 1st DCA 1987). This opinion maintains the consistency within our district by applying the statute in effect at the time the offense occurred. We also believe this holding is consistent with recent Florida and United States Supreme Court rulings. See State v. Yost, 507 So.2d 1099 (Fla. 1987) (§ 27.3455 costs cannot be imposed for offenses occurring prior to the effective date of the statute); cf. Miller v. Florida, — U.S.—, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (a defendant must be sentenced under the sentencing guidelines in effect at the time the offense was committed to avoid violating the ex post facto provision of the United States Constitution.)

. The trial court did not have the benefit of these decisions because sentencing in this case occurred prior to their rendition.