RYDER, Acting Chief Judge.
Appellant appeals the imposition of costs pursuant to section 27.3455, Florida Statutes (1985), arguing that he should have been declared indigent for purposes of costs. An information was filed against appellant, charging him with sexual battery of a child less than twelve years, lewd and lascivious assault on a child under sixteen years, and aggravated child abuse. The offenses were said to occur on August 7,1985. Appellant pleaded guilty to aggravated child abuse, and the other two charges were dismissed. The trial court adjudicated appellant guilty and sentenced him within the guidelines.
Appellant was represented by an assistant public defender throughout the proceedings, and he was declared indigent for purposes of this appeal. He requested that he be declared indigent for purposes of court costs, but the trial court imposed costs and deferred ruling on indigency for costs, stating “[t]he Court is of the opinion that he does have the possibility of earning monies before he would normally be considered for relief. Court will not rule on that question at this time.... We do have a number of in-house activities where a person incarcerated can earn money.”
We reverse the imposition of costs pursuant to section 27.3455, Florida Statutes (1985). The statute in effect at the time the offense was committed (August 7, 1985) required that the trial court order a defendant to perform community service in lieu of costs if the defendant is determined to be indigent at the time of sentencing. § 27.3455(1), Fla.Stat. (1985).[1] Frazier v. State, 503 So.2d 1378, 1379 (Fla. 2d DCA 1987); Dilla v. State, 503 So.2d 1316, 1318 (Fla. 2d DCA 1987).[2] We remand the case with instructions that appellant be declared indigent for purposes of costs under section 27.3455. The judgment should be corrected accordingly. Appellant need not be present for these corrections.
Reversed and remanded with instructions.
SCHOONOVER and LEHAN, JJ., concur.

. We note that section 27.3455 was amended by the legislature effective October 1, 1986, deleting the provisions relating to the determination of indigency. Ch. 86-154, § 1, Laws of Fla. The first district has applied this amendment to cases in which the crimes were committed before the effective date of the amendment. Jones v. State, 507 So.2d 763, 764 (Fla. 1st DCA 1987); Comer v. State, 502 So.2d 513 (Fla. 1st DCA 1987). This opinion maintains the consistency within our district by applying the statute in effect at the time the offense occurred. We believe this holding is consistent with recent Florida and United States Supreme Court rulings. See State v. Yost, 507 So.2d 1099 (Fla. 1987) (§ 27.3455 costs cannot be imposed for offenses occurring prior to the effective date of the statute); cf. Miller v. Florida, — U.S.—, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (a defendant must be sentenced under the sentencing guidelines in effect at the time the offense was committed to avoid violating the ex post facto provision of the United States Constitution.)

. The trial court did not have the benefit of these decisions because sentencing in this case occurred prior to their rendition.