474 So.2d 908 (1985)
Thomas G. SEASTRAND, Appellant,
v.
STATE of Florida, Appellee.
No. 85-70.
District Court of Appeal of Florida, Fifth District.
August 29, 1985.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Seastrand appeals from a sentence of four years imprisonment for the unlawful sale or delivery of a controlled substance, LSD. The amount involved would have provided two thousand "hits" of LSD.
On appeal, Seastrand raises two points; first, that the court committed reversible error by scoring points for "legal constraint" *909 and second, by failing to give clear and convincing reasons for departure. As to the first point, the record reflects that a bench warrant had been issued in New York because of Seastrand's failure to appear to answer an offense in that state. Seastrand responded that he was aware of the charge in New York, had retained an attorney to represent him, but had received no notice of the hearing. We do not reach the merits of this issue because it played no part in the trial judge's decision to depart from the recommended sentence. Rather, the trial judge based his decision to depart on the following:
I think LSD is one of the  is as dangerous as any of the drugs we deal with. For that reason, I feel the guidelines treat one dosage and two thousand dosages the same, and since they don't consider the quantity involved, I feel, and I make that finding, that that's the reason for going outside the guidelines, and for that reason, I will exceed the guidelines and sentence the Defendant to a term of 5 years.[1]
As to the second point, the trial judge's quoted explanation provided clear and convincing reasons which justify a departure from the sentencing guidelines range. See, e.g., Murphy v. State, 459 So.2d 337 (Fla. 5th DCA 1984); Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984). Accordingly, the sentence is AFFIRMED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] Later reduced to four years.