491 So.2d 354 (1986)
Harold FLETCHER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1548.
District Court of Appeal of Florida, Fifth District.
July 24, 1986.
*355 James B. Gibson, Public Defender, and Michael L. O'Neill, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joseph N. D'Achille, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
Appellant appeals his conviction for "unlawful sale or delivery for consideration" of cannabis in violation of Section 893.13(1), Florida Statutes (1983) and the costs imposed pursuant to Section 27.3455(1), Florida Statutes (1985) and Section 960.20, Florida Statutes (1985).
Appellant was charged by information which read "sale or delivery for consideration". Appellant filed a motion to elect to require the prosecution to elect between sale or delivery which was denied by the trial court. Appellant also requested the jury be instructed on the lesser included charge of delivery without consideration pursuant to Section 893.13(1)(f), Florida Statutes (1983) which was denied. We find error and reverse.
In Bosier v. State, 419 So.2d 1042 (Fla. 1982), the Florida Supreme Court determined that sale was not equal to delivery for consideration. Although delivery without consideration is not a lesser included offense under sale, it is under delivery with consideration. Since appellant objected to the joinder and requested the instruction, he is entitled to it. When delivery is charged, the jury must be instructed on the lesser included offense of delivery without consideration. See, Green v. State, 459 So.2d 351 (Fla. 2d DCA 1984).
The trial court also improperly assessed court costs. The state must provide adequate notice of assessment to a defendant with full opportunity to object to the costs and any enforcement may occur only after a judicial finding that an indigent defendant has the ability to pay. Jenkins v. State, 444 So.2d 947, 950 (Fla. 1984). Appellant was not given prior notice that the assessment would take place at the sentencing hearing. Therefore these costs were improperly imposed. Furthermore, this court has recently held that Section 27.3455(1), Florida Statutes (1985) may not be imposed against a defendant whose crime was committed prior to July 1, 1985. Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986). The offense appellant was convicted of occurred on September 17, 1984. Therefore the imposition of these court costs was improper.
REVERSED and REMANDED.
UPCHURCH, C.J., and SHARP, J., concur.