497 So.2d 661 (1986)
Jerry GORDON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1693.
District Court of Appeal of Florida, Fifth District.
August 14, 1986.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Gordon appeals that part of his sentence which imposes $222.00 in court costs. The costs were assessed pursuant to three separate statutory provisions: $200.00 under section 27.3455, Florida Statutes (1985), and the remaining $22.00 under sections 960.20 and 943.25(4), Florida Statutes (1983).
Gordon had been found to be indigent for the purposes of trial and appeal, and no inquiry was made as to whether he had the ability to pay costs. Costs may not be assessed against an indigent defendant without a determination that he has the ability to pay. Jenkins v. State, 444 So.2d 947 (Fla. 1984).
In addition, the crime for which Gordon was sentenced was committed in January 1985, and section 27.3455, which provides for imposition of $200.00 court costs when any person is convicted of a felony under the laws of this state, did not become effective until July 1, 1985. In Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986), we held that court costs imposed under section 27.3455 for crimes committed prior to July 1, 1985, violated the ex post facto provisions of the United States and Florida Constitutions.[1]See also Robinson v. State, 488 So.2d 925 (Fla. 5th DCA 1986). We again certify to the Supreme Court of Florida the following question of great *662 public importance, which was also certified in Yost and Robinson:
DOES THE APPLICATION OF SECTION 27.3455, FLORIDA STATUTES (1985) TO CRIMES COMMITTED PRIOR TO THE EFFECTIVE DATE OF THE STATUTE VIOLATE THE EX POST FACTO PROVISIONS OF THE CONSTITUTIONS OF THE UNITED STATES AND OF THE STATE OF FLORIDA, OR DOES THE STATUTE MERELY EFFECT A PROCEDURAL CHANGE AS IS PERMITTED UNDER STATE v. JACKSON, 478 So.2d 1054 (FLA. 1985)?
That portion of the judgment imposing court costs of $200.00 is reversed because Gordon's offense was committed prior to the effective date of section 27.3455, and that portion of the judgment imposing the remaining court costs is reversed without prejudice to the state to prove entitlement to those costs.
SENTENCE REVERSED IN PART; REMANDED.
UPCHURCH, C.J., and DAUKSCH, J., concur.
NOTES
[1] U.S. CONST., art I, § 9. cl. 3; Art. I, § 10. Fla. Const.