492 So.2d 1191 (1986)
Thomas MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1256.
District Court of Appeal of Florida, Fifth District.
August 28, 1986.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
UPCHURCH, Chief Justice.
Appellant Thomas Miller pled guilty to charges of violating probation. He was sentenced to three years in state prison and was assessed a fine of $200 under section 27.3455, Florida Statutes (1985). Miller was indigent. This court relinquished jurisdiction pursuant to a joint motion of the state and defendant to permit a corrected sentence to be entered. The corrected sentence provided that if the defendant was unable to pay his fine he would be allowed to perform community service upon his release. He appeals, contending that section 27.3455 cannot be applied to crimes committed before July 1, 1985, its effective date, because it violates the ex post facto doctrine.[1]
In recent decisions, we have held that this section cannot be applied retroactively. See Gordon v. State, No. 85-1693 (Fla. 5th DCA Aug. 14, 1986); McDowell v. State, 491 So.2d 594 (Fla. 5th DCA 1986); Robinson v. State, 488 So.2d 925 (Fla. 5th DCA 1986); Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986).
Based on those decisions, we reverse the portion of Miller's sentence requiring community service under section 27.3455, and we again certify the question:
DOES THE APPLICATION OF SECTION 27.3455, FLORIDA STATUTES (1985) TO CRIMES COMMITTED PRIOR TO THE EFFECTIVE DATE OF THE STATUTE VIOLATE THE EX POST FACTO PROVISIONS OF THE CONSTITUTIONS OF THE UNITED STATES AND OF THE STATE OF FLORIDA, OR DOES THE STATUTE MERELY EFFECT A PROCEDURAL CHANGE AS IS PERMITTED UNDER STATE v. JACKSON, 478 So.2d 1054 (FLA. 1985)?
REVERSED.
SHARP and COWART, JJ., concur.
NOTES
[1] In this case, the crime was committed December 1, 1983.