WIGGINTON, Judge.
We affirm appellant’s conviction and find no error in the court’s denial of her motion to suppress evidence seized pursuant to a search warrant. The information in the affidavit filed in support of the warrant derived its credibility from personal involvement, observation, and corroboration on the parts of both the informant, who was named and participated in the drug transactions, and the affiant, who, by way of consent searches, was able to corroborate the informant’s story. Here, the totality of the circumstances provided the necessary indicium of reliability for issuance of the warrant. Zaner v. State, 444 So.2d 508 (Fla. 1st DCA 1984).
Nevertheless, we must reverse the trial court’s sentence, as two of the reasons for departure were neither clear nor convincing. Appellant’s “clear, persistent actions ... to take part in the marijuana involvement” took place over the course of only a few days, a factor distinguishing her criminal activity from that of the defendant in Steiner v. State, 469 So.2d 179 (Fla. 3d DCA 1985). Further, it has not been convincingly shown how appellant’s husband’s imprisonment pursuant to a drug-related conviction has any bearing on whether she should be sentenced outside of the guidelines.
The remaining reason given to justify departure, i.e., “the amount of marijuana,” is a valid reason. Atwaters v. State, 495 So.2d 1219 (Fla. 1st DCA 1986); Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984). However, it is clear from the record that the trial court imposed a sentence outside of the guidelines mainly for the reason of appellant’s persistency in her criminal activity. Since we have disapproved that reason, the State cannot show beyond a reasonable doubt that the court would have departed despite the improper reasons. Consequently, we reverse and remand for resentencing.
ERVIN and BARFIELD, JJ„ concur.