UPCHURCH, Chief Judge.
Joseph Fowler appeals a judgment and sentence for battery on a law enforcement officer, an offense which he committed in January 1985. Fowler argues that the trial court erred in imposing a $200 fine pursuant to section 27.3455, Florida Statutes (1985). We agree.[1]
In Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986), we held that a court cannot impose costs under section 27.3455 for crimes committed prior to July 1, 1985. We certify to the supreme court the same question we certified in Yost:
DOES THE APPLICATION OF SECTION 27.3455, FLORIDA STATUTES (1985) TO CRIMES COMMITTED PRIOR TO THE EFFECTIVE DATE OF THE STATUTE VIOLATE THE EX POST FACTO PROVISIONS OF THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF FLORIDA, OR DOES THE STATUTE MERELY EFFECT A PROCEDURAL CHANGE AS IS PERMITTED UNDER STATE V. JACKSON, 478 So.2d 1054 (FLA.1985)?
See also Gordon v. State, 497 So.2d 661, (Fla. 5th DCA 1986); Robinson v. State, 488 So.2d 925 (Fla. 5th DCA 1986). Since the offense for which Fowler was sentenced was committed in January 1985, we reverse that portion of the judgment imposing court costs.
AFFIRMED in part; REVERSED in part.
DAUKSCH and COBB, JJ., concur.

. Fowler’s remaining arguments are without merit.