UPCHURCH, Chief Judge.
Saadia Bibbs appeals a sentence imposed after she pled guilty to possession of cocaine. Bibbs contends that the trial court erred in imposing a $200 fine pursuant to section 27.3455, Florida Statutes (1985) for a crime committed prior to the statutes enactment on July 1, 1985.
We reject Bibb’s attack on the constitutionality of section 27.3455[1] but agree that the trial court erred by retroactively imposing costs under section 27.3455 for a crime committed prior to July 1, 1985.[2] Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986). As in Yost, we certify the following question:
DOES THE APPLICATION OF SECTION 27.3455, FLORIDA STATUTES (1985) TO CRIMES COMMITTED PRIOR TO THE EFFECTIVE DATE OF THE STATUTE VIOLATE THE EX POST FACTO PROVISIONS OF THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF FLORIDA, OR DOES THE STATUTE MERELY EFFECT A PROCEDURAL CHANGE AS IS PERMITTED UNDER STATE V. JACKSON, 478 So.2d 1054 (FLA.1985)?
See also Fowler v. State, 498 So.2d 1014 (Fla. 5th DCA 1986); Gordon v. State, 497 So.2d 661 (Fla. 5th DCA 1986); Robinson v. State, 488 So.2d 925 (Fla. 5th DCA 1986).
We REVERSE that portion of the judgment imposing costs.
ORFINGER and SHARP, JJ., concur.

. The constitutionality of this statute has been repeatedly upheld. See, e.g., Gaffney v. State, 497 So.2d 1292 (Fla. 5th DCA, 1986); Butler v. State, 492 So.2d 757 (Fla. 4th DCA, 1986); State v. Castro, 491 So.2d 313 (Fla. 2d DCA 1986); Lawton v. State, 492 So.2d 404 (Fla. 1st DCA, 1986); Noland v. State, 489 So.2d 873 (Fla. 1st DCA, 1986).

. The crime here was committed on November 30, 1984.