507 So.2d 1131 (1987)
Leroy STANLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 86-946.
District Court of Appeal of Florida, Fifth District.
April 9, 1987.
Rehearing Denied June 2, 1987.
*1132 James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph N. D'Achille, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Stanley was convicted of violating section 893.13(1)(e), Florida Statutes (1983), which provides that possession of cannabis in an amount over 20 grams and not over 100 pounds constitutes a third-degree felony. The trial judge entered a departure sentence based on quantity  the fact that Stanley possessed 99 pounds of cannabis. If the amount had exceeded 100 pounds, the offense would have been elevated to a first-degree felony. § 893.135(1)(a), Fla. Stat. (1983).
As pointed out by Judge Thompson in his dissent in Mitchell v. State, 458 So.2d 10, 13 (Fla. 1st DCA 1984), review denied, 464 So.2d 556 (Fla. 1985), "neither the guidelines nor the statute making the possession of cannabis a criminal offense provide for any distinction between possession of 20 grams and 100 pounds." For the trial court to impose a heavier penalty based on variances between those two figures is an invasion of the province of the legislature. Seastrand v. State, 474 So.2d 908 (Fla. 5th DCA 1985), relied upon by the state, is distinguishable in that it did not concern statutory ranges of quantity of a proscribed substance. We reverse the sentence and certify conflict with Mitchell.
We also reverse the trial court's imposition of costs against appellant on the ground that the statute authorizing it became effective July 1, 1985, eight months after Stanley committed the offense and was charged therefor.[1] We have repeatedly held that this statute cannot be applied retroactively.[2]
REVERSED.
ORFINGER, J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
I respectfully dissent and would affirm the aggravated sentence,[1] which departed upwards from the presumptive sentence of any nonstate prison sanction to a three-year term of imprisonment. This constituted a two-bracket departure, and the reason given by the trial judge was that Stanley was in possession of a large amount of cannabis  99 pounds  when he was arrested. I agree that the costs assessed against Stanley must be reversed.[2]
The large quantity of contraband involved in a drug case has become a well established "clear and convincing" reason to aggravate a guidelines sentence[3] or to *1133 impose a more lenient sentence in a case involving a minuscule amount of drugs.[4] This case is factually on "all fours" with Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984), which reached an opposite result. In view of the overwhelming appellate case law which is contrary to the majority opinion in this case, I think we should affirm and pose a certified question to the supreme court[5] as our sister court recently did in Atwaters v. State, 495 So.2d 1219 (Fla. 1st DCA 1986).
The First District's opinion in Atwaters rejected the argument apparently accepted by the majority in this case  that the quantity of drugs involved in a case is an inherent component of the offense pursuant to Hendrix v. State, 475 So.2d 1218 (Fla. 1985), and thus already factored into the guidelines score. While it is true that Stanley was one pound short of a first-degree felony, and therefore statutorily placed in a third-degree felony category, the punishment range for that crime is much broader than the guidelines presumptive sentence. Indeed had Stanley possessed only one more pound of cannabis at the time of his arrest, he could have been convicted of trafficking, § 893.135(1)(a), Fla. Stat. (1983). In such event, the presumptive guidelines sentence would have been a prison term of seven to nine years, as provided by the seventh bracket.
Since the aggravated sentence in this case fell within the third bracket (a two-year prison term) I think the amount involved was a valid reason to depart upward. Also, the extent of the departure did not exceed the trial judge's discretion[6] because it did not begin to approach the severity of the presumptive sentence for the one hundred pound or first degree felony. I would affirm the sentence in this case.
NOTES
[1] Stanley was charged by information on November 21, 1984.
[2] Gordon v. State, 497 So.2d 661 (Fla. 5th DCA 1986); Bennett v. State, 495 So.2d 239 (Fla. 5th DCA 1986); Miller v. State, 492 So.2d 1191 (Fla. 5th DCA 1986); Fletcher v. State, 491 So.2d 354 (Fla. 5th DCA), review denied, 500 So.2d 545 (Fla. 1986); Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986).
[1] § 893.13(1)(e), Fla. Stat. (1983).
[2] See Gordon v. State, 497 So.2d 661 (Fla. 5th DCA 1986); Bennett v. State, 495 So.2d 239 (Fla. 5th DCA 1986); Miller v. State, 492 So.2d 1191 (Fla. 5th DCA 1986); Fletcher v. State, 491 So.2d 354 (Fla. 5th DCA), review denied, 500 So.2d 545 (Fla. 1986); Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986).
[3] See Benitez v. State, 470 So.2d 734 (Fla. 2d DCA), review denied, 479 So.2d 117 (Fla. 1985); Irwin v. State, 479 So.2d 153 (Fla. 2d DCA 1985), review denied, 488 So.2d 830 (Fla. 1986); Pastor v. State, 498 So.2d 962 (Fla. 4th DCA 1986); Birchfield v. State, 497 So.2d 944, 945 (Fla. 1st DCA 1986); Mullen v. State, 483 So.2d 754 (Fla. 5th DCA 1986); Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984), review denied, 464 So.2d 556 (Fla. 1985), disapproved on other grounds, State v. Whitfield, 487 So.2d 1045 (Fla. 1986); Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984); Seastrand v. State, 474 So.2d 908 (Fla. 5th DCA 1985).
[4] State v. Villalovo, 481 So.2d 1303 (Fla. 3rd DCA 1986).
[5] Fla.R.App.P. 9.030(a)(2)(A)(v).
[6] Fla.R.Crim.P. 3.701.d.11; Atwaters v. State, 495 So.2d 1219 (Fla. 1st DCA 1986); Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984).