SHARP, Judge.
McBride appeals that portion of her sentence imposing costs pursuant to section 27.3455, Florida Statutes (1985), as a condition to grant her gain-time. She was convicted of possession of cocaine and marijuana.[1] We quash the imposition of costs.
McBride’s offenses were committed in April of 1985 and section 27.3455 became effective on July 1, 1985. Ex post facto application of the penalties imposed by this statute is unconstitutional. State v. Yost, 507 So.2d 1099 (Fla.1987); Gordon v. State, 497 So.2d 661 (Fla. 5th DCA 1986); Miller v. State, 492 So.2d 1191 (Fla. 5th DCA 1986). Although McBride failed to raise this issue below, we have held it may be raised for the first time on appeal. Givens v. State, 501 So.2d 758 (Fla. 5th DCA 1987); Webber v. State, 497 So.2d 995 (Fla. 5th DCA 1986). Contra. Vogtsberger v. State, 502 So.2d 984, 985 (Fla. 1st DCA 1987); Johnson v. State, 495 So.2d 188 (Fla. 2d DCA 1986).
We therefore quash that portion of the sentence imposing costs.
*773 AFFIRMED IN PART; QUASH IMPOSITION OF COSTS.
COBB, J., concurs.
COWART, J., concurs specially with opinion.

. § 893.13, Fla.Stat. (1985).