SHARP, Judge.
Thomas appeals from his conviction and sentence for possession of cocaine[1] on the ground that the trial court erred in failing to grant his motion for acquittal because the circumstantial evidence was insufficient to establish his knowledge and possession of the cocaine. He also asserts the trial court erred in assessing costs against him without giving him notice and making a determination he had the ability to pay them. We affirm the conviction but strike the portion of the order appealed which imposes costs.
The state’s evidence at trial established that at approximately 6:30 p.m. on April 10, 1986 two undercover police officers in an unmarked car were patrolling a field behind an elementary school in Sanford. This area was known to be frequented by persons using controlled substances. They saw a 1975 four-door maroon Buick parked in the field, with two men in the front seat. The officers stopped ten feet away from the Buick, and began to approach it on foot. Before they got to the Buick, the man sitting on the passenger side, Smith, quickly emerged, and began to walk away. The officer glanced into the passenger side of the car and observed a pipe and other drug paraphernalia. He arrested the passenger on the spot.
Thomas briefly remained sitting in the driver’s seat with the door closed. The other officer approached the driver’s side of the Buick, and asked him to get out. Thomas did so, and he was immediately arrested. The officers found two manila envelopes containing a small amount of marijuana in Thomas’ pocket, and they observed a mirror, razor, cigarette rolling papers and other drug paraphernalia on the console between the front seats, or on the hump where the transmission fits between the seats.
It was later determined that Smith owned the Buick. The officers could not establish whether Thomas had been driving it, or had been sitting in the driver’s seat for a few minutes. Regardless, the officers testified they found several small pieces of crack cocaine, together with a small piece of foil on the center, upper edge of the driver’s seat, which had just been vacated by Thomas. The cocaine bits were very small, but they were situated together in an area one-to-two square inches.
At the close of the state’s case, Thomas argued the presence of the cocaine in the driver’s seat was equally susceptible to reasonable inference of innocence as well as guilt, and therefore the court should direct a verdict on the cocaine count. In opposition, the state argued that the manner in which the cocaine was found in Thomas’ vacated seat circumstantially established guilt, not innocence. A person getting in and out of the driver’s seat would have brushed and scattered the cocaine. The only rational explanation for their location is that they were carefully taken from the foil and placed on the seat by the person who last sat there — Thomas.
Thomas testified he knew what crack cocaine looked like, but was unaware of its presence on his seat in the car. He merely climbed into the driver’s seat of the car to chat casually with Smith, an old friend he had not seen in a while, who had asked him *1101 for a match as he happened by the car in the field.
It is well established in Florida, although perhaps not all judges agree as to the application of the rule,[2] that where proofs against a defendant in a criminal case are circumstantial, a judgment of acquittal must be entered where the circumstantial evidence gives rise to inferences equally consistent with the defendant’s innocence or guilt.[3] In McArthur v. State, 351 So.2d 972 (Fla.1977), the court said the proofs were consistent with guilt, but that they were “equally” or “likewise consistent with innocence.”
Where the proof or circumstantial evidence does contradict the defendant’s theory of innocence, and where in the judgment of the reviewing court and trial judge, the inferences pointing to guilt are sufficiently strong to permit a jury to find guilt beyond a reasonable doubt, the case should go to the jury.[4] In Rose v. State, 425 So.2d 521 (Fla.1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983), and Heiney v. State, 447 So.2d 210 (Fla.1984), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984), the court used language which can be interpreted as saying that a circumstantial evidence case is always a proper one for the jury, even where the inferences of guilt or innocence are theoretically equally balanced. However, we do not read that language as controlling since in neither opinion did the court cite McArthur, nor recede from it and the long line of appellate decisions based on McArthur.[5] Further, in Rose and Heiney, the circumstantial evidence overwhelmingly pointed towards guilt, not innocence.
This is a much closer case than Rose and Heiney, but the position and manner in which the bits of crack cocaine were arranged in Thomas’ just vacated seat persuasively contradict his theory of innocence, and would permit a jury to find him guilty beyond a reasonable doubt. The most logical and rational explanation for the cocaine being centered in the upper part of Thomas’ seat, next to a piece of foil, is that he himself put them there, just prior to being asked to get out of the car. Had he been unaware of them, they most likely would have been brushed aside by Thomas’ legs as he got into and out of the seat.
Furthermore, the proximity of the cocaine to Thomas’ hands and legs, as he sat in the car with the substance literally between his thighs, is certainly sufficient to constitute knowledge and actual or constructive possession.[6] This case is distinguishable from Metzger v. State, 395 So.2d 1259 (Fla. 3rd DCA 1981), where there were no circumstances necessarily pointing to the defendant’s knowledge of the presence of contraband stored below the deck of a boat on which he was a passenger, and Manning v. State, 355 So.2d 166 (Fla. 4th DCA 1978), where the defendant was sitting in the driver’s seat in an automobile with four others, and contraband was found in the unlocked center console next to his seat.
In this case the only way the cocaine could have remained in the place it was found was if Thomas sat next to it gingerly and handled it carefully. We affirm Thomas’ conviction because the circumstantial evidence was consistent with his guilt, inconsistent with his innocence, and suffi *1102 ciently strong to permit a jury to exclude every reasonable hypothesis of innocence. Herman v. State, 472 So.2d 770 (Fla. 5th DCA 1985), review denied, 482 So.2d 348 (Fla.1986).
However, we reverse those portions of the judgment appealed in this case relating to imposing court costs on the defendant. Here Thomas was determined to be indigent and the trial court failed to make a specific determination that he had the ability to pay court costs.[7] The record on appeal also fails to show that Thomas was given adequate notice and opportunity to object to the imposition of court costs.[8] Therefore, that portion of the order below imposing court costs pursuant to section 960.20, section 943.25 and section 27.3455, Florida Statutes, violates due process and we strike it without prejudice to the reim-position of such costs on remand.
CONVICTION AFFIRMED; COSTS STRICKEN; REMANDED.
COWART, J., concurs specially with opinion.
COBB, J., dissents with opinion.

. §§ 893.03(2)(a)4 & 893.13(l)(e), Fla.Stat. (1985).

. See Dunn v. State, 454 So.2d 641, 642 (Fla. 5th DCA 1984) (Cowart, J., concurring specially).

. McArthur v. State, 351 So.2d 972 (Fla.1977); see also Holton v. State, 87 Fla. 65, 99 So. 244 (Fla.1924); Newberry v. State, 442 So.2d 334 (Fla. 5th DCA 1983).

. Coleman v. State, 26 Fla. 61, 7 So. 367 (Fla. 1890); Maisler v. State, 425 So.2d 107 (Fla. 1st DCA 1982), review denied, 434 So.2d 888 (Fla. 1983); Newberry.

. See Fowler v. State, 492 So.2d 1344 (Fla. 1st DCA 1986), review denied, 503 So.2d 328 (Fla.1987); Paz v. State, 480 So.2d 701 (Fla. 3rd DCA 1985); Ivey v. State, 420 So.2d 613 (Fla. 4th DCA 1982), review denied, 429 So.2d 6 (Fla.1983); Harris v. State, 307 So.2d 218 (Fla. 3rd DCA 1974), cert. denied, 315 So.2d 195 (Fla.1975).

.Muwwakil v. State, 435 So.2d 304 (Fla. 3rd DCA 1983), review denied, 444 So.2d 417 (Fla. 1984); State v. Cristodero, 426 So.2d 977 (Fla. 4th DCA 1982), review denied, sub nom., O'Donnell v. State, 436 So.2d 100 (Fla.1983) and Rossi v. State, 436 So.2d 100 (Fla.1983).

. See Jenkins v. State, 444 So.2d 947 (Fla.1984); Harris v. State, 507 So.2d 1133 (Fla. 5th DCA 1987); Delifus v. State, 507 So.2d 753 (Fla. 5th DCA 1987); Hardy v. State, 503 So.2d 453 (Fla. 5th DCA 1987); Chance v. State, 498 So.2d 1064 (Fla. 5th DCA 1986); Butler v. State, 498 So.2d 611 (Fla. 5th DCA 1986); Evins v. State, 497 So.2d 1293 (Fla. 5th DCA 1986); Gaffney v. State, 497 So.2d 1292 (Fla. 5th DCA 1986), review denied, 506 So.2d 1041 (Fla.1987); Gordon v. State, 497 So.2d 661 (Fla. 5th DCA 1986), affirmed, 509 So.2d 924 (Fla.1987); Maxwell v. State, 492 So.2d 841 (Fla. 5th DCA 1986); Williams v. State, 492 So.2d 784 (Fla. 5th DCA 1986); Fletcher v. State, 491 So.2d 354 (Fla. 5th DCA), review denied, 500 So.2d 545 (Fla.1986); Brooks v. State, 490 So.2d 173 (Fla. 5th DCA 1986).

. See Jenkins v. State, 444 So.2d 947 (Fla.1984); Delifus v. State, 507 So.2d 753 (Fla. 5th DCA 1987); Butler v. State, 498 So.2d 611 (Fla. 5th DCA 1986); Gaffney v. State, 497 So.2d 1292 (Fla. 5th DCA 1986), review denied, 506 So.2d 1041 (Fla.1987); Maxwell v. State, 492 So.2d 841 (Fla. 5th DCA 1986); Williams v. State, 492 So.2d 784 (Fla. 5th DCA 1986); Fletcher v. State, 491 So.2d 354 (Fla. 5th DCA), review denied, 500 So.2d 545 (Fla.1986).