PER CURIAM.
Appellant, Julio Perez, appeals his conviction for trafficking in cocaine. We affirm.
Appellant contends that the trial court erred in denying his motion of acquittal, because there was insufficient circumstantial evidence presented at trial necessary to exclude all reasonable hypotheses of innocence. Appellee, State, asserts that the circumstantial evidence presented at trial excluded any reasonable hypothesis of innocence.
The question of whether the evidence fails to exclude all reasonable hypothesis of innocence is for the jury to determine. Heiney v. State, 447 So.2d 210 (Fla.), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); Rose v. State, 425 So.2d 521 (Fla.1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983). Where the circumstantial evidence contradicts the defendant’s theory of innocence, and the inferences pointing to guilt are sufficiently strong, the case should go to the jury. Thomas v. State, 512 So.2d 1099 (Fla. 5th DCA 1987), review denied, 520 So.2d 586 (Fla.1988). The standard for review of a denial of a motion for judgment of acquittal is not whether in the opinion of the trial judge or of the appellate court the evidence fails to exclude every reasonable hypothesis other than guilt, but rather whether the jury must reasonably so conclude. Pressley v. State, 395 So.2d 1175 (Fla. 3d DCA), review denied, 407 So.2d 1105 (Fla.1981); Hernandez v. State, 305 So.2d 211 (Fla. 3d DCA 1974), cert. denied, 315 So.2d 192 (Fla.1975).
We find sufficient evidence on the record to contradict the appellant’s theory of innocence and support the denial of his motion for judgment of acquittal. Accordingly, we affirm appellant’s conviction.
Affirmed.