PER CURIAM.
We affirm appellant’s conviction and sentence for trafficking in cocaine.
Initially, we reject appellant’s claim that the trial court’s instruction to the jury on reasonable doubt was flawed. See Brown v. State, 565 So.2d 304 (Fla.), cert. denied, 498 U.S. 992, 111 S.Ct. 537, 112 L.Ed.2d 547 (1990); Wyatt v. State, 641 So.2d 355, 359 (1994). We also find no error in the trial court’s ruling on the state’s use of peremptory challenges. See Slater v. State, 588 So.2d 320 (Fla. 4th DCA 1991).
Finally, we find the evidence was sufficient to sustain appellant’s conviction. The appellant arrived at the scene of a drug transaction alone in his automobile. On the floor in front of the passenger seat was a plastic bag containing the separately wrapped cocaine. No one contends the separately wrapped cocaine was' then visible. When an undercover officer approached the appellant at the direction of a eodefendant already at the scene to ask, “Do you have something for me?”, appellant directed the officer to the bag. The officer then placed the bag on the car seat, took out the wrapped cocaine and cut into it. This occurred just inches from appellant.
The officer testified the substance had a distinctive odor and “flaky” texture that caused him to immediately identify it as cocaine. He then told the appellant that “it looks fine” and walked away from the car leaving the cocaine on the seat. Other officers then approached the scene and arrested appellant and his eodefendant.
Given the evidence set out above, together with reasonable inferences that could be drawn therefrom, we believe the jury could conclude that the appellant had exclusive physical possession of the cocaine. Cf. Thomas v. State, 512 So.2d 1099 (Fla. 5th DCA 1987), rev. denied, 520 So.2d 586 (Fla. 1988). Although the codefendant testified at trial that the appellant did not know what was in the bag and was not involved in the drug transaction, we believe it was up to the jury to determine the credibility of that testimony.
KLEIN and PARIENTE, JJ., and HARRY LEE ANSTEAD, Associate Judge, concur.