SUAREZ, J.
Alexander Basulto-Rodriguez appeals from his conviction for trafficking in cannabis in violation of section 893.135(l)(a), Florida Statutes (2008), based on his presence in a home containing a marijuana hydroponics operation. We affirm.
Police received a tip about possible drug activity at a certain address. After a few days of surveillance and after having obtained a warrant, the police forcibly entered the home. The record shows that the windows and doors were fully shuttered and sealed; the police had to pry open the front door to enter the house. Inside, they found approximately 250 marijuana plants growing in plain view, with the associated high-intensity lamps and hydroponic growing equipment. The police heard scuffling; Basulto-Rodriguez and his associate were found hiding in the attic, and refused to come down when ordered to by the police. They were apprehended when they fell through the attic in an attempt to escape. Basulto-Rodriguez’s theory of defense was that he and his associate were in the house to burglarize it when the police coincidentally happened to enter the house and apprehend them.[1]
At the conclusion of the State’s case, the defense moved for judgment of acquittal, arguing that, because there was no evidence tying Basulto-Rodriguez to the contraband or the premises, his mere presence in the house was insufficient evidence of guilt. The trial court denied the motion. At the charging conference, the defense requested a modification of the standard jury instruction on trafficking to follow the instruction on constructive possession in jointly occupied premises as discussed in Mitchell v. State, 958 So.2d 496 (Fla. 4th DCA 2007).[2] The substituted language *405 would instruct that,- in order to convict, the State must establish constructive possession of the contraband by showing that Basulto-Rodriguez had dominion and control over the contraband, that he knew the contraband was in his presence, and that he had knowledge of the illicit nature of the contraband. The State objected, and the trial court proposed its own modified instruction providing that the defendant could be found to possess the contraband if he “exercised dominion and control” over it, where the premises in which the contraband was found are jointly occupied by both offenders. The trial court declined to give the full Mitchell instruction on constructive possession, and the jury ultimately found Basulto-Rodriguez guilty as charged.
Basulto-Rodriquez argues that the Mitchell instructions apply where the premises are found not to be in exclusive control of the occupants, and in those circumstances the State is required to establish the defendant’s knowledge of the presence of the contraband, the illegal nature of the contraband, as well as his ability to exercise dominion and control over it when the possession of the contraband is joint, as between the defendant and his associate.[3] But the facts of this case are distinguishable from those in Mitchell. In Mitchell, the defendant was not present in the house when the contraband was discovered, and the contraband was not in plain view. The Mitchell court explains that, “the specially requested instruction, unlike the standard instructions, instructs the jury that the elements of knowledge and ability to control may not be inferred from the mere fact of joint possession of the premises where contraband is found.” Mitchell, 958 So.2d at 500; see also Taylor v. State, 13 So.3d 77, 80 (Fla. 1st DCA 2009) (holding that, if the site where the contraband is found is in joint, rather than exclusive, possession, a defendant’s knowledge of the contraband’s presence and his ability to control it cannot be inferred merely from the defendant’s proximity to the contraband). The Mitchell court acknowledged, however, that, “where joint possession of the premises is shown, the knowledge element may be met by contra *406 band in plain view in the common areas of the premises.” Mitchell, 958 So.2d at 500. In Basulto-Rodriguez’s case, it is undisputed in the record that the cultivated marijuana plants were in plain view throughout the house, and thus the standard, unmodified jury instructions regarding. constructive possession of the contraband adequately addressed the element of knowledge. Further, the court’s slight modification of the standard jury instructions to include the element from Mitchell of “dominion and control” over the jointly possessed contraband[4] did not render the instructions erroneous or insufficient under the circumstances presented here. We conclude that the trial court’s modification of the standard jury instruction was not error.
The appellant further asserts that the trial court erred when it failed to grant his motion for judgment of acquittal, arguing that the State’s evidence of the defendant’s dominion and control over the contraband was insufficient to sustain the conviction.[5] Whether a defendant had dominion and control over contraband is generally a fact issue for the jury, but a judgment of acquittal is proper when there is no evidence from which dominion and control can be inferred. See Campbell v. State, 577 So.2d 932, 985 (Fla.1991). In a wholly circumstantial evidence case such as this, a special standard of review applies. “Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.” State v. Law, 559 So.2d 187, 188 (Fla.1989). In such cases, the State is not required to rebut conclusively every possible variation of events that could be inferred from the evidence, but only to introduce competent evidence that is inconsistent with the defendant’s theory of events. Id. at 189. If the State introduces such evidence, then the jury must decide whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt. See Davis v. State, 90 So.2d 629, 631-32 (Fla.1956); Perez v. State, 565 So.2d 743 (Fla. 3d DCA 1990). The standard for review of a denial of a motion for judgment of acquittal is not whether in the opinion of the trial judge or of the appellate court the evidence fails to exclude every reasonable hypothesis other than guilt, but rather whether the jury must reasonably so conclude. Perez, 565 So.2d at 744. We find sufficient evidence in the record to contradict the defendant’s theory of innocence and to support the denial of his motion for judgment of acquittal.
Affirmed.

. There was no evidence introduced to link the defendant to the house, the plants or grow equipment. There was no evidence that the defendant owned the house or the car parked out front. There was also no evidence that the house had been broken into when the police arrived to execute the search warrant.

. In Mitchell, the standard jury instruction on possession reads:
To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.
Possession may be actual or constructive. Actual possession means
(a) the thing is in the hand of or on the person, or
(b) the thing is in a container in the hand of or on the person, or
(c)the thing is so close as to be within ready reach and is under the control of the person.
Mere proximity to a thing is not sufficient to establish control over that thing when the thing is not in a place over which the person has control.
Constructive possession means the thing is in a place over which the person has control, or in which the person has concealed it.
If a thing is in a place over which the person does not have control, in order to establish constructive possession the State must prove the person's (1) control over the thing, (2) knowledge that the thing was within the person's presence, and (3) knowledge of the illicit nature of the thing. Possession may be joint, that is, two or more persons may jointly have possession *405 of an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article, [emphasis in the original].
If a person has exclusive possession of a thing, knowledge of its presence may be inferred or assumed.
If a person does not have exclusive possession of a thing, knowledge of its presence may not be inferred or assumed.
The defendant in Mitchell proposed to delete the bolded language regarding joint possession of an article and to substitute the following:
To establish constructive possession of a controlled substance, the State must show that [defendant] had dominion and control over the contraband, that he had knowledge that the contraband was within his presence, and that he had knowledge of the illicit nature of the contraband. If the premises on which the contraband is found are in joint, rather than exclusive possession of [defendant], knowledge of the presence of the contraband on the premises and [defendant’s] ability to maintain control over it will not be inferred. The State must establish knowledge and [defendant’s] ability to maintain control over it by independent proof of [defendant’s] actual knowledge, or evidence of incriminating statements and circumstances other than mere location of the substance.

. The State had to establish that the Appellant knew of the presence of the contraband on or about the premises and had the ability to maintain dominion and control over it. § 893.101(1)-(2), Fla. Stat. (2006) (eliminating the defendant’s knowledge of the illicit nature of a controlled substance as an element of the offense the State is required to prove, and designating the lack of such knowledge as an affirmative defense to the offenses in the chapter). See Taylor v. State, 13 So.3d 77, 80 (Fla. 1st DCA 2009).

. The trial court modified the standard jury instructions on trafficking to read:
[[Image here]]
Possession may be joint, that is, two or more persons may jointly possess an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article if he exercised dominion and control over the contraband. ... If a person does not have exclusive possession of a controlled substance, knowledge of its presence may not be inferred or assumed unless you find that he exercised dominion and control over the contraband.

. We review de novo the trial court's denial of a motion for JO A, to determine solely whether the evidence is legally sufficient. Thomas v. State, 36 So.3d 853 (Fla. 3d DCA 2010); see Pagan v. State, 830 So.2d 792, 803 (Fla.2002). In reviewing the denial of the motion, we consider the evidence and all reasonable inferences in a light most favorable to the State as the non-moving party. See Williams v. State, 967 So.2d 735, 755 (Fla.2007).