HALL, Judge.
In this consolidated appeal from his final judgment and sentence for robbery, the appellant raises five points. We find merit only in his challenge of the assessment of certain costs against him.
The trial court ordered the appellant to pay $20 to the Crime Compensation Trust Fund pursuant to section 960.20, Florida Statutes (1985), $2.50 pursuant to section 943.25(4), and $2 pursuant to section 943.25(8), but did not afford the appellant the procedural requirements of notice and an opportunity to object to the imposition of these costs. See Jenkins v. State, 444 So.2d 947 (Fla.1984).
The appellant was also assessed $200 in court costs under section 27.3455, Florida Statutes (1985). Since the appellant’s offenses were committed in April 1985 and the statute did not become effective until July 1, 1985, the imposition of these costs violated the ex post facto provisions of the United States and Florida Constitutions. See U.S. Const., art. I, § 9, cl. 3 and § 10, cl. 1; Fla.Const., art. I, § 10; State v. Yost, 507 So.2d 1099 (Fla.1987).
Accordingly, we strike the imposition of costs imposed pursuant to section 27.3455, *648 and remand for a hearing on the other costs in accord with the requirements of Jenkins. The judgment and sentences in all other respects are affirmed.
SCHEB, A.C.J., and PRANK, J., concur.