SCHEB, Acting Chief Judge.
Defendant, Alfonso Furlow, pled no contest to four charges of uttering a forged instrument. One of the offenses occurred in June 1985; the remaining three occurred subsequent to July 1, 1985. The trial court adjudicated defendant guilty and sentenced him to two and one-half years in prison on each count to run consecutively. The court also ordered the defendant to pay court costs in each of the four cases as follows: $200 pursuant to section 27.3455, Florida Statutes (1985) with the stipulation that no gain time would be allowed until such costs were paid; $20 pursuant to section 960.20; and $2 pursuant to section 943.25(8).
On appeal the defendant challenges only the costs imposed against him.
Section 27.3455, effective July 1, 1985, indicated that indigency was to be determined at the time of the defendant’s sentencing and those persons found to be indigent were to be ordered to serve a term of community service in lieu of imposition of the costs. Frazier v. State, 503 So.2d 1378 (Fla. 2d DCA 1987). We note the defendant had been found indigent for purposes of trial and appeal, but the court failed to determine the defendant’s solvency at sentencing. Therefore, we strike the costs imposed under section 27.3455.
Moreover, the defendant was not afforded the procedural requirements of notice and an opportunity to object to the imposition of the costs imposed pursuant to *1092 section 960.20 and section 943.25(8). Therefore, these costs must also be stricken. Jenkins v. State, 444 So.2d 947 (Fla. 1984).
Our opinion is without prejudice to the state seeking to impose costs upon compliance with the relevant statutes. The trial court, however, should be aware that since section 27.3455 did not become effective until July 1, 1985, imposition of costs for an offense committed before that date would violate the ex post facto clause of the United States and Florida Constitutions. See U.S. Const, art. I, § 9, cl. 3 and § 10, cl. 1; Fla. Const, art. I, § 10; State v. Yost, 507 So.2d 1099 (Fla.1987); Brown v. State, 510 So.2d 647 (Fla. 2d DCA 1987).
CAMPBELL and HALL, JJ., concur.